IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**ALBERT FRAZIER**,  )
        Petitioner,  )
)
      v.  )      2:14cv872
)      **Electronic Filing**
)
**JOHN WETZEL**, et al.,  )
        Respondents.  )

## **MEMORANDUM and ORDER OF COURT**

On June 23, 2014, the Petitioner, Albert Frazier, submitted a pro se petition for writ of habeas corpus (ECF No. 1). On July 25, 2014, Respondents filed an answer to the petition (ECF No. 7). On November 12, 2014, Petitioner filed a motion to stay the proceedings pending exhaustion of his state court remedies (ECF No. 14) and on November 13, 2014, this motion was granted (ECF No. 15) and the case was stayed and administratively closed.

On April 17, 2017, counsel entered his appearance on behalf of Petitioner and filed a motion to lift the stay and for leave to file an Amended Petition (ECF Nos. 17, 18). This motion was granted and counsel was granted 60 days in which to file an Amended Petition (ECF No. 19), which he filed on June 16, 2017 (ECF No. 20). Respondents elected not to file any further response to the Amended Petition.

On August 15, 2017, the magistrate judge filed a Report and Recommendation (the "R&R"), which recommended that the petition and Amended Petition be dismissed and that a certificate of appealability be denied (ECF No. 21). After several motions for extension of time were filed and granted, Petitioner filed objections to the R&R on September 18, 2017 (ECF No.

27). On September 19, 2017, the Respondents filed a response to the objections (ECF No. 28) and on September 29, 2017, Petitioner filed a reply brief (ECF No. 30).

In his objections, Petitioner contends that: 1) he was denied his confrontation clause right to effective cross-examination of the Commonwealth's primary witness, Tracy Nolan, when the trial court improperly refused to allow trial counsel to inquire into the continual postponements of Nolan's trial on drug and gun possession charges, which would have allowed the jury to make a determination as to whether Nolan had been promised consideration in return for his testimony against Petitioner; 2) Petitioner's appellate counsel indicated that she did not receive notice of the denial of his petition for allowance of appeal with the Pennsylvania Supreme Court until around June 6, 2014, and by the application of equitable tolling his petition in this Court would be timely filed; 3) trial counsel was ineffective for failing to call Petitioner's mother and sister as alibi witnesses and, when confronted with this claim at the PCRA hearing, trial counsel contended that he faced an "ethical dilemma" because Petitioner admitted his involvement in the crime, but counsel had inconsistently presented a defense of "mistaken identity"; and 4) the Commonwealth had an agreement with Nolan to get him a favorable sentence on charges he faced but did not reveal this agreement, which constituted a violation of Petitioner's rights under Brady v. Maryland, 373 U.S. 83 (1963).

The Respondents argue that: 1) the trial court held, in conformity with Pennsylvania law, that Nolan could be asked only about charges pending against him and any consideration he was receiving in return for his testimony, which means either that this issue is one of state law or that the decision was not contrary to the Constitution; 2) the petition is clearly untimely and appellate counsel's statement that she informed Petitioner about the denial of his petition for allowance of

2

appeal on June 6, 2014 does not invoke equitable tolling because it represents a mere miscalculation of dates by counsel which is insufficient; 3) the PCRA court concluded that trial counsel was not provided with specific information about alibi witnesses' proposed testimony, his mother's proposed testimony was inadmissible and his sister's proposed testimony would have placed him at the scene of the crime, so counsel was not ineffective for failing to call them; 4) the Brady claim has never been raised before, even in the Amended Petition, so it is waived, unexhausted, procedurally defaulted and meritless in any event because Nolan's sentence of 4-10 years hardly demonstrates that he was receiving favorable treatment.

In a reply brief, Petitioner contends that: 1) his petition can be amended to add the Brady claim and Respondents, who have addressed the claim on the merits, will not suffer prejudice; and 2) the cross-examination of Nolan did not comply with Pennsylvania law because Petitioner was not allowed to explore the possibility that Nolan was lying about not receiving favorable treatment by pointing to the multiple postponements of Nolan's trial date and this is not just an issue of state law but one of his right to confront witnesses under federal law.

With respect to the timeliness of the petition, Petitioner's objection is sustained. Petitioner's appellate counsel did not "miscalculate" any dates. Rather, she indicated that neither she nor Petitioner had received notice that the Pennsylvania Supreme Court had denied his petition for allowance of appeal until June 6, 2014 (ECF No. 1 Ex. F) and thus his petition, filed 17 days later on June 23, 2014, would not be untimely because he had 39 days in which to file it. A failure of a court to notify Petitioner and his counsel of the denial of a petition constitutes an "extraordinary circumstance [which] stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). Nevertheless, the R&R alternatively reached the merits of the

claims, so the error was harmless.

With respect to the confrontation clause claim, the Court concludes that Petitioner never raised it as a federal constitutional claim in state court. Rather, he raised it as a matter of a state evidentiary ruling and the state courts treated it as such, citing cases such as Commonwealth v. Evans, 512 A.2d 626 (Pa. 1986). Indeed, the Respondents made this argument in the answer to the petition (ECF No. 7 at 20), although they alternatively described it as an issue of state law as presented in this case (id. at 24-27), which it is not. The R&R erred by treating it as a state law issue (ECF No. 21 at 7),[1] but the error was harmless. This claim is unexhausted and procedurally defaulted, and thus barred from further review in this Court. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner does not argue that he can meet the "cause and prejudice" standard necessary to excuse the default and he would not meet this standard in any event, because his post-conviction counsel did not raise trial counsel's failure to raise the claim. Thus, Martinez v. Ryan, 566 U.S. 1 (2012), does not apply.

With respect to the claim of trial counsel's ineffectiveness for failure to call two alibi witnesses, Petitioner's objections are overruled. Establishing that a state court unreasonably applied Strickland v. Washington, 466 U.S. 668 (1984), the standard for counsel ineffectiveness claims, is difficult because federal habeas review of such claims is "doubly deferential." Premo v. Moore, 562 U.S. 115, 122 (2011). In this case, the PCRA court held a hearing and made

---

[1] The R&R quoted both the first issue presented by Petitioner in the original petition, which described the claim as a denial of "his right to due process of law and a fair trial, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution" (ECF No. 1 at 6.1) and thus raised a confrontation clause claim, and also the first issue as presented in the Amended Petition (ECF No. 20 at 6), which described the claim in the way it was presented in the state courts. (ECF No. 21 at 5-6.) However, the R&R addressed only the second version of this claim.

4

several credibility determinations. Petitioner addresses only one of them by contending that counsel's proffered reason for not calling alibi witnesses – namely that Petitioner had indicated his involvement in the incident and thus created an "ethical dilemma" with calling alibi witnesses – was irreconcilable with trial counsel's strategy of presenting a defense of "mistaken identity."[2] This is insufficient. Moreover, as noted in the R&R, the PCRA court also concluded that trial counsel's testimony that the alibi witnesses did not fully discuss with him the substance of their proposed alibi evidence was credible and that Petitioner's sister's proposed testimony would have placed him at the crime scene and, as a result, that the decision not to present alibi evidence was made with the agreement of Petitioner. He has not even addressed these credibility determinations and thus provides no basis for concluding that the state court finding was an unreasonable application of Strickland.

Finally, Petitioner's Brady claim is barred from review, not because he failed to raise it earlier in this case, but more fundamentally because he never raised it in the state courts. Petitioner contends that, at Nolan's plea proceeding and sentencing on two cases involving drugs and guns on May 27, 2008, he received a favorable sentence of 4-10 years, with the Commonwealth agreeing not to pursue any of the maximum sentences available or to seek to have the sentences run consecutively (ECF No. 27 at 12-13 & Exs. A-D). However, Petitioner did not raise this claim in his PCRA petition, which was filed on August 5, 2009, or his Amended Petition, which was filed on November 2, 2009 (ECF No. 7 Ex. 12, APP 114-26; Ex. 14, APP 129-42). Nor did he raise it in his second PCRA petition, which was filed on July 14,

---

[2] Petitioner cites trial counsel's closing statement (T.T. 962-78), but it was a contention that Nolan's identification of Petitioner was suspect given the amount of time he had to view the

2014 (ECF No. 7 Ex. 30, APP 410-20).  As explained above, such a claim is unexhausted and procedurally barred from review.  Petitioner does not explain why this procedural bar would not apply.  Petitioner's fourth objection is therefore overruled.

For the reasons set forth above, the following order is appropriate:

AND NOW, this 4th day of February, 2019, after independent review of the petition and the record developed in conjunction therewith and upon due consideration of the Magistrate Judge's Report and Recommendation (ECF No. 21), which as modified above is adopted as the opinion of this Court,

IT IS ORDERED that the Petition and the Amended Petition for a writ of habeas corpus filed by Petitioner (ECF Nos. 1, 20) are dismissed and, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied; and

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if Petitioner desires to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

---

shooter and the stress of the situation.